UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:19-CR-00019-1-JRG-CRW |
| | ) |
| RHONDA BELCHER | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Rhonda Belcher's Pro Se Motion for Reconsideration [Doc. 82], the United States' Response in Opposition [Doc. 86], and Ms. Belcher's Reply [Doc. 87]. On May 29, 2020, the Court denied Ms. Belcher's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A), concluding that her underlying medical conditions—obesity and hepatitis C—were not extraordinary and compelling reasons for her release because, based on the Center for Disease Control's guidelines, they did not place her at a heightened risk of severe illness if she were to contract COVID-19. [Mem. Op. & Order, Doc. 81, at 2–5]. Specifically, Ms. Belcher, by the Court's calculation, had a body mass index of 38.1—a figure that fell below the CDC's threshold of 40. [*Id.* at 4]. She now moves the Court to reconsider its denial of her motion, insisting that her underlying conditions do place her at a greater risk of severe illness if she were to contract COVID-19.

In considering whether Ms. Belcher's underlying conditions, against the backdrop of the COVID-19 pandemic, "substantially diminish[] [her] ability" to "provide self-care within" the prison's walls and leave her without an expectation of recovery, USSG § 1B1.13 n.1(A)(ii), the Court—as it did in denying her initial request for compassionate release—turns to the CDC's guidelines. *See, e.g.*, *Cameron v. Bouchard*, ___ F. Supp. 3d ___, 2020 WL 2569868, at *4–5 (E.D. Mich. May 21, 2020); *Awshana v. Adduccl*, ___ F. Supp. 3d ___, 2020 WL 1808906, at *4

(E.D. Mich. Apr. 9, 2020); *see also Valentine v. Collier*, 140 S. Ct. 1598, 2020 WL 2497541, at *2 n.2 (2020) (citing the CDC's guidelines in a case involving COVID-19); *cf. Sch. Bd. of Nassau Cty. v. Arline*, 480 U.S. 273, 287 (1987) (stating that "courts normally should defer to the reasonable medical judgments of public health officials" (footnote omitted)).

Since the Court's denial of Ms. Belcher's request for compassionate release, the CDC has revised its guidelines. According to the CDC, "[r]evisions were made on June 25, 2020 to reflect available data as of May 29, 2020." *People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#liver-disease (last updated June 25, 2020). The CDC now states that people of any age with a body mass index of 30 or higher "*are at increased risk* of severe illness from COVID-19." *Id.* Under the CDC's revised guidelines, Ms. Belcher's body mass index now places her well above the CDC's new threshold and at a heightened risk of severe illness from COVID-19.[1]

But the fact that Ms. Belcher is now an at-risk person under the CDC's guidelines does not, in and of itself, entitle her to compassionate release. Before ordering compassionate release, the Court also has to determine that (1) Ms. Belcher "is not a danger to the safety of any other person or to the community" by weighing 18 U.S.C. § 3553(a)'s factors, to the extent they are applicable, and (2) a reduced sentence is "consistent with" USSG § 1B1.13's policy statements. USSG § 1B1.13(2)–(3); *see* § 3582(c)(1)(A) ("The court may not modify a term of imprisonment once it has been imposed except that . . . such a reduction is consistent with applicable policy

---

[1] Although the CDC states that it has "no information about whether people with hepatitis B or hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19," it warns that people with liver disease like hepatitis C "might be at higher risk for severe illness from COVID-19." *What to Know about Liver Disease and COVID-19*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last updated May 5, 2020).

statements issued by the Sentencing Commission."); *see also United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

Within three days of this Order's date, the United States **SHALL** inform the Court as to whether it opposes the compassionate release of Ms. Belcher on either of these two grounds. The United States **SHALL** also inform the Court as to whether any of the inmates or staff at FPC Alderson—the facility where Ms. Belcher is housed—have tested positive for COVID-19 since the filing of Ms. Belcher's original motion. In the meantime, the Court reserves ruling on Ms. Belcher's motion for reconsideration.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
