UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-00019-1-JRG-CRW |
| | ) | |
| RHONDA BELCHER | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Rhonda Belcher's Pro Se Motion for Reconsideration [Doc. 82] and the United States' Response in Opposition [Doc. 89]. Ms. Belcher's body mass index, based on the Center of Disease Control's revised guidelines, places her at a heightened risk of severe illness if she were to contract COVID-19. *See* [Mem. Op. & Order, Doc. 88, at 2]. Although Ms. Belcher remains fearful of the effect that COVID-19 might have on her if she were to contract it, the Court has learned that her facility, FPC Alderson, continues to have no known cases of the virus, among either its inmates or its staff.

A prisoner's compassionate release is an extraordinary and rare occurrence, *see United States v. Dusenbery*, No. 5:91-cr-291, 2019 WL 6111418, at *2 (N.D. Ohio Nov. 18, 2019) (observing that "[c]ompassionate release due to a medical condition is an extraordinary and rare event" (quotation omitted)), and the general threat of COVID-19—that is, the fear that it may infiltrate a prison's population—cannot justify it, *cf. United States v. You*, No. 20-5390, at 2 (6th Cir. Apr. 22, 2020) (PACER) ("Critical here, however, there are no known COVID-19 cases at [the defendant's] present facility. . . . [and] her facility has implemented precautionary measures to protect those detained in the facility.");[1] *see United States v. Smoot*, No. 2:19-CR-20, 2020 WL

---

[1] Ms. Belcher acknowledges that her facility has taken precautionary measure to protect her from the threat of COVID-19, noting that prison officials have kept her placed on "medical lockdown" since March. [Def.'s Mot. Recons. at 2].

1501810, at *3 (S.D. Ohio Mar. 30, 2020) ("The mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify [the defendant's] release." (citation omitted)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Johnson*, No. 2:19-CR00-81-TOR, 2020 WL 2114357, at *2 (E.D. Wash. May 4, 2020) ("[W]here is Defendant safer from the threat—in a facility with no known cases, or in public with thousands of confirmed cases? Fear of the virus does not warrant immediate release."). The absence of known cases in Ms. Belcher's facility therefore forecloses the possibility of compassionate release at this time. But if the conditions in Ms. Belcher's facility change, she has leave of the Court to file a renewed motion for compassionate release. Ms. Belcher's Pro Se Motion for Reconsideration [Doc. 82] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE